Case 1:13-cv-03200-CM   Document 3   Filed 05/21/13   Page 4 of 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

Julian Silva, individually and on behalf of
Handle With Care Productions, Inc.,

                  Plaintiff(s),         13 Civ. 3200 (CM) (JCF)

    -against-

Jose Vasquez Cofresi, individually,

                  Defendant(s).,
----------------------------------------X

CIVIL CASE MANAGEMENT PLAN

(for all cases except patent, IDEA and ERISA benefits cases,
and cases subject to the Private Securities Litigation Reform Act)

1. This case is/is not to be tried to a jury.

2. Discovery pursuant to Fed.R.Civ.P. 26(a) shall be exchanged by __8/2/2013__.

3. No additional parties may be joined after __9/16/2013__.

4. No pleading may be amended after __9/16/2013__.

5. If your case is brought pursuant to 42 U.S.C. § 1983: In keeping with the United States Supreme Court's observation that the issue of qualified immunity should be decided before discovery is conducted, counsel representing any defendant who intends to claim qualified immunity must comply with the special procedure set forth in Judge McMahon's individual rules, which can be found at www.nysd.uscourts.gov.

Failure to proceed in accordance with the qualified immunity rules constitutes a waiver of the right to move for judgment on the ground of qualified immunity prior to trial. *Please identify any party who is moving to dismiss on qualified immunity grounds.*

Case 1:13-cv-03200-CM   Document 3   Filed 05/21/13   Page 5 of 6

6. All discovery, *including expert discovery*, must be completed on or before ___11/21/13___. (For personal injury, civil rights, employment discrimination or medical malpractice cases only): Plaintiff's deposition shall be taken first, and shall be completed by _____. PLEASE NOTE: the phrase "all discovery, including expert discovery" means that the parties must select and disclose their experts' identities and opinions, as required by Fed. R. Civ. P. 26(a)(2)(B), *well before* the expiration of the discovery period. Expert disclosures conforming with Rule 26 must be made no later than the following dates: Plaintiff(s) expert report(s) by __10/1/13__; Defendant(s) expert report(s) by __10/21/13__.

7. Judge McMahon's Rules governing electronic discovery apply automatically to this case. The parties must comply with those rules unless they supercede it with a consent order. The text of the order will be found at www.nysd.uscourts.gov.

8. Discovery disputes in this case will be resolved by the assigned Magistrate Judge, who is _____. The first time there is a discovery dispute that counsel cannot resolve on their own, notify Judge McMahon's Chambers by letter and she will sign an order referring your case to the Magistrate Judge for discovery supervision. Thereafter, go directly to the Magistrate Judge for resolution of discovery disputes; do not contact Judge McMahon. Discovery disputes do not result in any extension of the discovery deadline or trial-ready date, and Judge McMahon must approve any extension of the discovery deadline in non-pro se cases. *The Magistrate Judge cannot change discovery deadlines unless you agree to transfer the case to the Magistrate Judge for all purposes.* Judge McMahon does not routinely grant extensions so counsel are warned that if they wait until the last minute to bring discovery disputes to the attention of the Magistrate Judge, they may find themselves precluded from taking discovery because they have run out of time.

9. A joint pre-trial order in the form prescribed in Judge McMahon's individual rules, together with all other pre-trial submissions required by those rules (**not** including *in limine* motions), shall be submitted on or before __Jan 6, 2013__. Following submission of the joint pre-trial order, counsel will be notified of the date of the final pre-trial conference. *In limine* motions must be filed within five days of receiving notice of the final pre-trial conference; responses to in limine motions are due five days after the motions are made. Cases may be called for trial at any time following the final pre-trial conference.

10. No motion for summary judgment may be served after the date the pre-trial order is due. *The filing of a motion for summary judgment does not relieve the parties of the obligation to file the pre-trial order and other pre-trial submissions on the assigned date.*

11. The parties may at any time consent to have this case tried before the assigned Magistrate Judge pursuant to 28 U.S.C. Section 636(c).

12. This scheduling order may be altered or amended only on a showing of good cause that is not foreseeable at the time this order is entered. Counsel should not assume that extensions will be granted as a matter of routine.

Dated: July 18, 2013
New York, New York

Upon consent of the parties:
[signatures of all counsel].

_____
Peter C. Dee, Esq.
Mastronicola Mueller Thrid
250 Third Ave. NY NY 10022
Co-counsel for Plaintiff
   and
Nicholas Ranallo, Esq.
371 Dogwood Way
Boulder Creek, CA 95006
Co-counsel for Plaintiff

_____
Michael D. Steger
Steger Krane LLP
1601 Broadway, 12th Floor
New York, NY 10019
(212) 736-6800

SO ORDERED:

_____
Hon. Colleen McMahon
United States District Judge

7/23/2013