Peter C. Dee
Mavronicolas, Mueller, & Dee, LLP
Attorneys for Plaintiffs
950 Third Avenue, 10th Floor
New York, NY 10022
(646) 770-1256

Nicholas Ranallo, Attorney at Law
Of Counsel for Plaintiffs
371 Dogwood Way
Boulder Creek, CA 95006
 (831) 703- 4011


**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JULIAN SILVA, individually, and JULIAN SILVA, on behalf of HANDLE WITH CARE PRODUCTIONS, INC.<br>        Plaintiff,<br><br>v.<br><br>JOSE VASQUEZ COFRESI, individually,<br><br>        -and-<br><br>HANDLE WITH CARE PRODUCTIONS, INC., a New York Corporation and Nominal Defendant | ECF Case<br><br>13 Civ. 3200 (CM) (JCF)<br><br><br>**PLAINTIFF JULIAN SILVA'S <u>ANSWER TO AMENDED COUNTERCLAIMS</u>** |

Julian Silva ("Plaintiff" and/or "Counterclaim Defendant"), by and through his undersigned counsel Mavronicolas, Mueller, & Dee, LLP, Answer's Defendant Jose Vasquez Cofresi's ("Defendant" and/or "Counter-Claimant") Counterclaims as follows:

**Preliminary Statement**

1. Mr. Silva admits that it is his contention that he was a 50% shareholder in Handle With Care Productions ("HWCP").  Mr. Silva denies the remaining allegations in Paragraph 1.

2. Mr. Silva denies the allegations in Paragraph 2.

### The Parties

3. Mr. Silva admits that Counterclaimant resides in Bronx County, New York. As to the remaining allegations in Paragraph 3, Mr. Silva lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

4. Mr. Silva admits that he is now a resident of California. Mr. Silva admits that, among his many musical skills, he plays both the saxophone and the bongos.

### Jurisdiction and Venue

5. Mr. Silva admits that jurisdiction in this court is proper.

6. Mr. Silva admits that venue in this district is proper, though he denies that many of the allegations in the counterclaims occurred, in this judicial district or any other.

### Factual Background

7. Mr. Silva denies the allegations in Paragraph 7.

8. Mr. Silva denies the allegations in Paragraph 8.

9. Mr. Silva admits the allegations in Paragraph 9.

10. Mr. Silva denies the allegations in Paragaph 10.

11. Mr. Silva admits that the name of Los Calientes Del Son's ("LCDS") first album was entitled "A Mi Pueblo." Mr. Silva denies the remaining allegations in Paragraph 11.

12. Mr. Silva denies the allegations in Paragraph 12.

13. Mr. Silva admits that he was actively involved in LCDS, and denies that his involvement was limited to "time to time." As to the remaining allegations in Paragraph 13, Mr. Silva lacks information sufficient to form a belief as to the facts alleged, and on that basis Defendant denies them.

14. Mr. Silva denies the allegations of Paragraph 14.

15. Mr. Silva denies the allegations of Paragraph 15.

16. Mr. Silva denies the allegations of Paragraph 16.

17. Mr. Silva admits that he did the artwork for the album "Salsa Con Conciencia," and denies the remaining allegations in Paragraph 17.

18. Mr. Silva denies the allegations in Paragraph 18.

19. Mr. Silva denies the allegations in Paragraph 19.

20. Mr. Silva denies the allegations of Paragraph 20.[1]

*20.  Mr. Silva denies the allegations of Paragraph 20.

21. Mr. Silva admits the allegations of Paragraph 21.

22. Mr. Silva denies the allegations of Paragraph 22.

23. Mr. Silva denies the allegations of Paragraph 23.

24. Mr. Silva denies the allegations of Paragraph 24.

25. Mr. Silva admits that he attempted to convince Mr. Vasquez hire an attorney for the band. Mr. Silva denies the remaining allegations in Paragraph 25.

26. Mr. Silva denies the allegations of Paragraph 26.

27. Mr. Silva denies the allegations of Paragraph 27.

28. Mr. Silva denies the allegations of Paragraph 28.

29. Mr. Silva admits that "Ecos del Barrio" was released in 2012, and denies the remaining allegations of Paragraph 29.

30. Mr. Silva denies the allegations of Paragraph 30.

31. Mr. Silva denies the allegations of Paragraph 31.

32. Mr. Silva denies the allegations of Paragraph 32.

33. Mr. Silva denies the allegations of Paragraph 33.

34.  Mr. Silva lacks information sufficient to form a belief as to the facts alleged in Paragraph 34, and on that basis Defendant denies them.

35. Mr. Silva denies the allegations of Paragraph 35.

36. Mr. Silva denies the allegations of Paragraph 36.

37. Mr. Silva lacks information sufficient to form a belief as to the facts alleged in Paragraph 37,

---

[1] Defendant's counterclaims included two paragraphs identified as #20.  For the purpose of consistency, Mr. Silva has included two paragraphs identified as #20 in his response thereto.

and on that basis Defendant denies them.

38. Mr. Silva denies the allegations of Paragraph 38.

39. Mr. Silva denies the allegations of Paragraph 39.

40. Mr. Silva denies that he had "no ownership of HWCP or the Band." Mr. Silva admits the remaining allegations in Paragraph 39.

41. Mr. Silva denies the allegations of Paragraph 41.

42. Mr. Silva denies the allegations of Paragraph 42.

43. Mr. Silva admits that Mr. Vazquez unilaterally dissolved Handle With Care Productions, and denies the remaining allegations of Paragraph 43.

44. Mr. Silva denies the allegations of Paragraph 44.

## The Trademarks

45. Mr. Silva admits that HWCP filed a federal trademark application for the mark La Excelencia and that this mark was ultimately registered. As to the remaining allegations in Paragraph 44, Mr. Silva lacks information sufficient to form a belief as to the facts alleged and on that basis Mr. Silva denies them.

46. Mr. Silva lacks information sufficient to form a belief as to the facts alleged in Paragraph 46, and on that basis Mr. Silva denies them.

47. Mr. Silva lacks information sufficient to form a belief as to the facts alleged in Paragraph 47, and on that basis Mr. Silva denies them.

48. Mr. Silva lacks information sufficient to form a belief as to the facts alleged in Paragraph 48, and on that basis Mr. Silva denies them.

## The Copyrights

49. Mr. Silva lacks information sufficient to form a belief as to the facts alleged in Paragraph 49, and on that basis Mr. Silva denies them.

50. Mr. Silva denies the allegations in Paragraph 50.

## First Cause of Action

51. Mr. Silva repeats and realleges the above admissions and denials as though fully set forth

herein.

52. Mr. Silva admits the allegations of Paragraph 52.

53. Mr. Silva admits the allegations of Paragraph 53.

54. Omitted.[2]

55. Mr. Silva Mr. Silva denies the allegations in Paragraph 55.

56. Mr. Silva denies the allegations in Paragraph 56.

57. Mr. Silva denies the allegations in Paragraph 57.

58. Mr. Silva admits the allegations of Paragraph 58.

59. The allegations in Paragraph 59 consist of Counter-claimant's characterization of its claims and requested relief, to which no response is necessary.

## Second Cause of Action

60. Mr. Silva repeats and realleges the above admissions and denials as though fully set forth herein.

61. Mr. Silva denies the allegations of Paragraph 61.

62. Mr. Silva admits that he has filed a complaint alleging, inter alia, trademark infringement and dilution. Mr. Silva denies the remainder of Paragraph 62.

63. Mr. Silva admits the allegations of Paragraph 63.

64. Mr. Silva denies the allegations in Paragraph 64.

65. Mr. Silva denies the allegations in Paragraph 65.

66. Mr. Silva admits the allegations of Paragraph 66.

67. The allegations in Paragraph 67 consist of Counter-claimant's characterization of its claims and requested relief, to which no response is necessary.

## Third Cause of Action

68. Mr. Silva repeats and realleges the above admissions and denials as though fully set forth herein.

---

[2] The applicable counterclaims do not include a paragraph # 54.

69. Mr. Silva denies the allegations of Paragraph 69.

70. Mr. Silva denies the allegations of Paragraph 70.

71. Mr. Silva denies the allegations of Paragraph 71.

72. Mr. Silva denies the allegations of Paragraph 72.

73. Mr. Silva denies the allegations of Paragraph 73.

### Fourth Cause of Action

74. Mr. Silva repeats and realleges the above admissions and denials as though fully set forth herein.

75. Mr. Silva lacks information sufficient to form a belief as to the facts alleged in Paragraph 75, and on that basis Mr. Silva denies them.

76. Mr. Silva denies the allegations of Paragraph 76.

77. Mr. Silva denies the allegations of Paragraph 77.

78. Mr. Silva denies the allegations of Paragraph 78.

79. Mr. Silva denies the allegations of Paragraph 79.

### Fifth Cause of Action

80. Mr. Silva repeats and realleges the above admissions and denials as though fully set forth herein.

81. Mr. Silva denies the allegations of Paragraph 81.

82. Mr. Siva denies the allegations of Paragraph 82.

83. Mr. Silva denies the allegations of Paragraph 83.

84. Mr. Silva denies the allegations of Paragraph 84.

### Sixth Cause of Action

85. Mr. Silva repeats and realleges the above admissions and denials as though fully set forth herein.

86. Mr. Silva denies the allegations of Paragraph 86.

87. Mr. Silva denies the allegations of Paragraph 87.

88. Mr. Silva denies the allegations of Paragraph 88.

89. Mr. Silva denies the allegations of Paragraph 89.

90. Mr. Silva denies the allegations of Paragraph 90.

91. Mr. Silva denies the allegations of Paragraph 91.

### Seventh Cause of Action

92. Mr. Silva repeats and realleges the above admissions and denials as though fully set forth herein.

93. Paragraph 93 states only legal conclusions to which no response is required.

94. Paragraph 94 states only legal conclusions to which no response is required.

95. Mr. Silva denies the allegations of Paragraph 95.

96. Mr. Silva denies the allegations of Paragraph 96.

97. Mr. Silva denies the allegations of Paragraph 96.

### Eighth Cause of Action

98. Mr. Silva repeats and realleges the above admissions and denials as though fully set forth herein.

99. Mr. Silva denies the allegations of Paragraph 99.

100. Mr. Silva denies the allegations of Paragraph 100.

101. Mr. Silva denies the allegations of Paragraph 101.

102. Mr. Silva denies the allegations of Paragraph 102.

103. Mr. Silva denies the allegations of Paragraph 103.

### AFFIRMATIVE DEFENSES

Mr. Silva hereby asserts the following affirmative defenses to Mr. Vasquez's counterclaims:

### First Affirmative Defense

104. Mr. Vazquez' counterclaims fail to state a claim upon which relief may be granted;

### Second Affirmative Defense

105. Mr. Vazquez's counterclaims are barred by the doctrine of laches.

### Third Affirmative Defense

106. Mr. Vasquez's counterclaims are barred by the doctrine of estoppel.

### Fourth Affirmative Defense

107. Mr. Vasquez's counterclaims are barred by the statute of frauds.

### Fifth Affirmative Defense

108. Mr. Vasquez's counterclaims are barred by the waiver doctrine.

### Sixth Affirmative Defense

109. Mr. Vasquez's counterclaims are barred by the doctrine of unclean hands.

### Seventh Affirmative Defense

110. Mr. Vasquez has not suffered damages due to the alleged acts.

### Eighth Affirmative Defense

111. Mr. Vasquez's counterclaims are barred by the doctrine of equitable estoppel.

### Ninth Affirmative Defense

112. Mr. Vasquez lacks standing to assert the counterclaims asserted.

### Tenth Affirmative Defense

113. Mr. Vasquez's counterclaims are barred by the doctrine of accord and satisfaction.

### Eleventh Affirmative Defense

114. Mr. Silva's actions were not the proximate cause of any damages to Mr. Vasquez.

### Twelfth Affirmative Defense

115. Mr. Vasquez's counterclaims are barred because he would be unjustly enriched if allowed to recover any portion of the damages sought in the counterclaims.

Mr. Silva reserves the right to add or amend additional affirmative defenses at a later date.

WHEREFORE, Mr. Silva prays that this court 1) Dismiss Mr. Vasquez's counterclaims with prejudice and enter judgment in favor of Mr. Silva; 2) award Mr. Silva his costs and

expenses; and 3) such other relief as the Court may deem just and proper.

Dated:  New York, New York
July 31, 2013

**MAVRONICOLAS MUELLER & DEE LLP**
Attorneys for Plaintiff, Julian Silva


By:   /s/ Peter C. Dee, Esq.
      Peter C. Dee
      950 Third Avenue, 10th Floor
      New York, New York   10022
      Telephone:  (646) 770-0024

## CERTIFICATE OF SERVICE

I hereby certify that on this July 31, 2013 I served a true and correct copy of the attached Answer and Counterclaims electronically by ECF on counsel for all parties.

/s/ Peter C. Dee
Peter C. Dee
