**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JULIAN SILVA, ET AL,

                 Plaintiffs,

        v.

JOSE VAZQUEZ COFRESI, ET AL,


                 Defendants.

JOSE VAZQUEZ,

                 Counterclaimant,

        v.

JULIAN SILVA,

                 Counterclaim Defendant.

**ECF CASE**

Case No.: 13-cv-3200-CM-JCF


**STIPULATION AND REQUEST FOR**
**ENTRY OF PROTECTIVE ORDER**

**STIPULATED PROTECTIVE ORDER**

      IT IS HEREBY STIPULATED AND AGREED by and between the parties, through their respective undersigned counsel, that the Protective Order as set forth herein be entered and be adopted for the protection of confidential information disclosed during this action:

      1.     Any party producing information in this action (whether orally during testimony at depositions, in interrogatory answers, through production of documents and things, in answering requests for admission, or otherwise) that has not been made public and that the party in good faith reasonably believes reflects confidential information within the scope of Rule 26(c)(7) of the Federal Rules of Civil Procedure may designate such information "CONFIDENTIAL" as specified below. Information so designated by either party and marked as specified below will thereafter be subject to the provisions of this Stipulated Protective Order unless otherwise ordered.

      2.     Any such information that is disclosed by or on behalf of any party in this action, if in writing (e.g., in a document or an interrogatory answer), shall be stamped or otherwise

clearly marked either CONFIDENTIAL on each page of the writing on which such information is disclosed, or, if through production of a thing, shall be labeled or otherwise clearly marked CONFIDENTIAL.

3.      Information may be marked CONFIDENTIAL only if it contains trade secrets, competitively sensitive information or other confidential information the present disclosure of which would, in the good faith belief of the designating party, be detrimental to the designating party in the conduct of its business.

4.      Any information that is produced under this order shall be classified at the lowest level of confidentiality that is sufficient to reasonably protect that information. Counsel for the parties shall, from time to time or on request from opposing counsel, review current classifications and either declassify or lower classifications in order to reflect the current reasonableness of such classifications.

5.      Stamping or marking of the information as CONFIDENTIAL shall take place prior to handover of the information by the producing party.  In the event that documents and things are produced for inspection, no marking need be made by the producing party in advance of the inspection.  For purposes of the inspection, all documents and things produced shall be considered as marked CONFIDENTIAL.  Thereafter, upon selection of specified documents and things for copying or reproduction by the inspecting party, the producing party shall mark as CONFIDENTIAL the copies of such documents and things that the providing party believes contain information that falls within the appropriate confidentiality designation at the time the copies are handed over to the inspecting party.

6.      Any such information that is disclosed orally by or on behalf of any party in this action (e.g., during a deposition) may be designated as CONFIDENTIAL subject to the provisions of this Stipulated Protective Order by so designating the oral testimony or portions

thereof.  A party may make such a designation by making an appropriate statement at the time of the testimony.  The disclosing party shall have the right to exclude from attendance at said deposition any person other than the deponent, trial counsel (including their staff and associates), the Court reporter, and the person(s) agreed upon pursuant to paragraph 8 below, during such time as the information designated CONFIDENTIAL is to be disclosed.  The originals of said deposition transcripts and all copies thereof shall bear the legend CONFIDENTIAL, and the original shall at the time of filing with the Court be sealed, identified as being subject to this Order, and not opened except by order of this Court.

7.     In the event that the producing party inadvertently fails to designate as CONFIDENTIAL any information that is produced and that the producing party reasonably believes should be so designated, the producing party may subsequently make such a designation by notifying opposing counsel in writing as soon as practicable.  After receipt of such notification, the party to whom disclosure has been made will treat the information as if designated CONFIDENTIAL subject to the requirements of this Stipulated Protective Order.

8.     Any information designated CONFIDENTIAL in accordance with paragraphs 1-7 above may be shown, and its contents disclosed, only to:

(a)Outside counsel specifically retained by the receiving party for advice concerning this action and necessary clerical and legal support personnel employed by such outside counsel;

(b) Independent experts or independent consultants retained by counsel of record for purposes of this proceeding, subject, however, to the limitations and requirements contained in paragraph 9 below.

(c) The receiving party (or an employee of a related company of which the receiving party is a wholly-owned subsidiary) who has been designated by that party for participation in policy decisions with regard to this action; and

3

(d) Stenographic and clerical employees associated with any of the individuals enumerated above.

Under no circumstance may information designated as CONFIDENTIAL be disclosed to any person or entity other than those identified respectively above except with the prior written consent of the producing party.  However, any person indicated on the face of the document or thing as its originator, author or a recipient of a copy thereof may be shown the same.

9.      Before counsel of record for a receiving party discloses information designated CONFIDENTIAL to a person referred to in paragraphs 8(b), (c) and (d), the proposed expert, principal, independent consultant or employee must first execute a copy of the declaration attached hereto as Exhibit A and thereby agree to be bound by the provisions of this Stipulated Protective Order.

10      All information disclosed in this proceeding, whether or not designated as CONFIDENTIAL, may not be used for any business purpose whatsoever.

11.      If the party to whom CONFIDENTIAL information has been produced believes that any of the documents, things or information has been improperly designated, the receiving party may at any time request the party which made the designation to cancel the designation with respect to any documents, things or information and to agree that thereafter such document, thing or information will no longer be subject to certain or all of the provisions of this Stipulated Protective Order.  Such request shall be in writing and shall particularly identify the information that is contested.  If the party which produced the documents, things, or information objects to the requested declassification, it must, within two weeks of its receipt of the request to declassify or such other time as the parties may mutually agree, file and serve a motion for a protective order supporting its classification.  The party seeking such designation shall have the burden of establishing the status of the particular document, thing, or information.  If no such motion is

timely filed, the party objecting to the designation shall be entitled to treat the documents and/or information in accordance with the written request of such party. The failure of a receiving party to object to a certain designation does not constitute a concession, waiver or admission such document, thing or information constitutes CONFIDENTIAL information. The provisions of this Stipulation and Protective Order shall also apply to answers to interrogatories, which are designated as containing or comprising CONFIDENTIAL information.

12.     No CONFIDENTIAL information shall be filed in the public record of this action. All material so designated that is filed with the Court shall be filed in a sealed envelope and kept under seal by the Clerk of the Court until further order of the Court. To facilitate compliance with this order by the Clerk's office, material filed under the designation CONFIDENTIAL shall be contained in a sealed envelope bearing such designation on its front face. In addition, the envelope shall bear the caption of the case, shall contain a concise, non-disclosing inventory of its contents for docketing purposes, and shall state thereon that it is filed under the terms of this Order.

13.     Non-parties who provide confidential information in response to a subpoena or discovery request in this action may invoke the protections of this Stipulated Protective Order for such information by designating that information CONFIDENTIAL in accordance with the terms of this Order.

14.     This Stipulated Protective Order is without prejudice to the right of any party to seek relief from or modification of any provision contained herein after notice to the other party.

15.     The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that:

(a)     was, is or becomes public knowledge, not by any act of a party or person in violation of this Stipulated Protective Order;

(b)     is independently acquired by the non-designating party by itself or from a third party having the right to disclose such information or material; or

(c)     was lawfully possessed by the non-designating party prior to the entry by the Court of this Order.

16.     All documents, things, deposition transcripts, interrogatory answers and other information designated as CONFIDENTIAL under the terms of this Stipulated Protective Order shall be returned to counsel representing the producing party or shall be destroyed in accordance with agreement of counsel, within thirty (30) days following this action's final determination. Counsel for each party may retain copies of all pleadings, motions and other documents filed with the Court.

17.     The parties agree to submit this Stipulated Protective Order for entry by the Court and to be bound by its terms prior and subsequent to entry by the Court.  This Stipulated Protective Order shall remain in effect unless modified by an Order of the Court or by written stipulation of the parties filed with the Court.


THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court Agrees what documents designated as "Confidential" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues decisions in this case that refers to "CONFIDENTIAL" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten day period, identify to the court any portion of the decision that one or more of them believe should be redacted, provide the court with the purportedly confidential material, and explain why the material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the court will not sign the stipulation, and should allegedly confidential material be produced, the parties

will be referred to the magistrate judge for a document by document review and decision on

whether that document should be subjected to confidential treatment.

MAVRONCIOLAS, MUELLER, & DEE, LLP

By:   /s/ Peter C. Dee
       Peter C. Dee
       950 Third Avenue, 10th Floor
       New York, NY  10022
       Attorneys for Plaintiff and Counterclaim-
       Defendant

STEGER KRANE LLP

By:   /s/ Michael D. Steger
       Michael D. Steger
       1601 Broadway, 12th Floor
       New York, NY  10019
       Attorneys for Defendants and
       Counterclaimant

So Ordered this _____ day of _____ , 2013

_____
U.S.D.J.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ECF CASE

JULIAN SILVA, ET AL,

        Plaintiffs,

Case No.: 13-cv-3200-CM-JCF

    v.

**STIPULATION AND REQUEST FOR ENTRY OF PROTECTIVE ORDER**

JOSE VAZQUEZ COFRESI, ET AL,

        Defendants.

JOSE VAZQUEZ,

        Counterclaimant,

    v.

JULIAN SILVA,

        Counterclaim Defendant.

**DECLARATION**

I, _____, declare that I have read the Stipulated Protective Order signed by the parties and ordered by the Court in this proceeding, that I understand its terms, and that I agree to be bound by all of the requirements and restrictions of said Order.  I declare under penalty of perjury that the foregoing is true and correct.

Date:_____

_____