Peter C. Dee
Mavronicolas, Mueller, & Dee, LLP
Attorneys for Plaintiffs
415 Madison Avenue, 18th Floor
New York, NY 10017
(646) 770-1256
pdee@mavrolaw.com

Nicholas Ranallo, Attorney at Law
Of Counsel for Plaintiffs
371 Dogwood Way
Boulder Creek, CA 95006
 (831) 703- 4011

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JULIAN SILVA, individually, and<br>JULIAN SILVA, on behalf of HANDLE WITH CARE PRODUCTIONS, INC.<br>        Plaintiff,<br><br>v.<br><br>JOSE VASQUEZ COFRESI, individually,<br><br>        -and-<br><br>HANDLE WITH CARE PRODUCTIONS, INC., a New York Corporation and Nominal Defendant | ECF Case<br><br>13 Civ. 3200 (CM)(JCF)<br><br><br><br>**Reply Memorandum in Support of Motion to Compel** |

## I.     INTRODUCTION

On June 11, 2014, Plaintiff Julian Silva filed a motion pursuant to Federal Rule of Civil Procedure 37, seeking to strike Defendant's Answer and Counterclaims and further seeking a default judgment on Plaintiff's own claims, as a result of Defendant's continued failure to provide any response to discovery, in violation of this court's March 25th Order.  See ECF Nos. 32-33.  Alternatively, Plaintiff sought another Order from this court compelling Defendant to provide appropriate discovery responses, and subsequent time to pursue follow-up discovery after receiving Defendant's responses.  Defendant's deadline for responding to the motion came and went, without hint of a response or reason.

On July 1, 2014, Plaintiff filed a letter requesting that the court consider the motion unopposed.  On July 2, 2014, Defendant responded by filing a letter request for still further time, until July 11, 2014, to respond to the motion.  Again, this date came and went without a response.  On July 15, 2014, Mr. Bacchus, Law Clerk to Hon. James Francis, sent an email to counsel for both parties, noting that Defendant had not responded to the motion, and that "Unless we receive something by close of business today, we shall assume that the motion is unopposed..."  Again, the close of business came and went.  The next day (one day after the date set for the close of discovery), Defendant served wholly insufficient responses to the outstanding discovery requests and interrogatories.  The next day, on July 17, 2014, Defendant emailed a copy of his "Opposition" to the motion to Mr. Bacchus, with a note that it would be served via ECF that evening.  To date, no Opposition has been filed via the ECF system.

As described at length in Plaintiff's original Motion, the motion at issue herein is the result of numerous missed deadlines, and Defendant's total failure to comply with this court's Order of March 25, 2014.  As described further herein, Defendant's subsequent behavior has

done nothing to excuse its continued non-compliance.  Moreover, Defendant's "Opposition" to Plaintiff's motion offers absolutely no basis upon which to deny Plaintiff's motion.

## II.     LEGAL ARGUMENT

**1.      <u>Defendant Has Failed To Offer Any Legally Cognizable Explanation For His Continued Non-Compliance</u>**

Defendant's "Opposition" to the Rule 37 Motion essentially makes two arguments against the imposition of sanctions under Rule 37.  The first, according to Defendant, is that this court lacks subject matter jurisdiction over this case.  Secondly, Defendant objects to the relevance of a number of the interrogatories and document requests.  For the reasons outlined below, neither argument has any merit whatsoever.

a.      <u>Defendant's Objections Regarding Subject Matter Jurisdiction Are Frivolous</u>

Much of Defendant's "Opposition" to the Motion to Strike is based on the premise that this Court lacks subject matter jurisdiction over the instant case.  This argument is faulty on a number of levels.  At the most basic level, if Defendant believes that this court lacks subject matter jurisdiction, the proper course would be to file a motion to dismiss on those grounds. Defendant cannot simply ignore its responsibilities due to a personal belief that subject matter jurisdiction is lacking.

Secondly, there is simply no doubt that this court has subject matter jurisdiction over the instant dispute.  Plaintiff has alleged causes of action for violation of trademark rights and violation of copyright related to the band "La Excelencia," which included both Plaintiff and Defendant.  Plaintiff's state law claims are all inexorably intertwined with this dispute, as they relate clearly to "La Excelencia" and Defendant's actions in connection with the former band and the LLC that he co-founded with Plaintiff to manage the band's business.

Not only is the appropriateness of subject matter jurisdiction obvious, but it has never been questioned before Defendant's "Opposition" to the Rule 37 motion.  Indeed, Defendant's answer admits that subject matter jurisdiction is appropriate over both the federal trademark and copyright claims and that supplemental jurisdiction over the state law claims is likewise appropriate.  See ECF No. 9 at ¶1.  Moreover, Defendant's counter-claims explicitly invoke this court's subject matter jurisdiction on precisely the same basis relied upon by Plaintiff.  See Defendant's Counterclaims, ECF No. 9 at pg. 12 (¶5).  Defendant's attempts to question the propriety of subject matter jurisdiction in its opposition to the instant motion are simply an attempt to obfuscate the simple fact that Defendant has repeatedly failed to comply with its obligations as a litigant, without excuse or justification.

      b.    <u>A Party Is Not Excused From Providing Discovery Responses Because The Requests Are  Purportedly Objectionable</u>

As described further below, Defendant's discovery "responses" and objections are wholly insufficient and without merit.  Nonetheless, even if Defendant's objections were well-founded, this simply does not provide a legally sufficient reason for their failure to respond to discovery.  Indeed, Fed. R. Civ. Proc. 37(d)(2) explicitly states that a failure to serve answers to interrogatories or respond to a request for inspection "*is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)*" (emphasis added).  Defendant herein does not have a motion for a protective order pending.  As such, by the explicit terms of the rule, Defendant's failure to provide responses is not excused on the ground that the discovery sought is purportedly objectionable.  Thus, Defendant's objections do not constitute a substantial justification for failure to provide discovery and comply with this court's prior orders.

**2.     Defendant's Belated "Responses" to Outstanding Discovery Are Wholly Insufficient**

On July 16, 2014, Defendant emailed undersigned counsel purported responses to the outstanding interrogatories and document requests. In reality, these responses consisted of little more than boilerplate objections and responses that conflict with their own prior pleadings and testimony in this matter. Notably, these "responses" were served one day after the previously-ordered close of discovery. For this reason alone, Defendant's responses are fatally deficient. Moreover, as set forth below, Defendant has waived any objections to the discovery requests at issue. Even if such objections were not waived as a rule, Defendant's objections herein must be rejected as wholly insufficient.

a.     Defendant Has Waived Objections to Discovery Requests

Federal Rule of Civil Procedure 33(b)(4) states that "[t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a **timely objection** is waived unless the court, for good cause, excuses the failure" (emphasis added). Defendant's responses to the interrogatories herein was due in December, 2013. Moreover, after Plaintiff's original complaints regarding non-compliance this court ordered responses to be served by May 15, 2014. By defendant's own admission, Defendant's response herein was served via regular mail on July 16, 2014.

Clearly, such responses are not timely within the meaning of the Fed. R. Civ. Proc. 33, and therefore Defendant's objections have been waived unless this court *for good cause*, excuses the failure. Defendant can cite no good cause for their failure to provide responses, and simply makes no attempt to do so in its "opposition" to Plaintiff's motion. As such, in accordance with Rule 33, Defendant must be deemed to have waived its objections to the interrogatories at issue

herein.

Likewise, numerous courts have held that a failure to timely object to requests for production of documents likewise waives any objection thereto. As one court succinctly stated:

> "If a party fails to file *timely* objections to document requests, such a failure constitutes a waiver of any objections which a party might have to the request. Any other result would completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences."

*Krewson v. City of Quincy,* 120 F.R.D. 6,7 (D. Mass. 1988)(citations omitted). *See Also Henry v. National Housing Partnership,* 2007 WL 2746725 (N.D. Fla. 2007)(Finding that the law is "well settled" that a party's failure to file timely objections to a request for production of documents constitutes a waiver of the objections).

      b.     <u>Defendant's Objections And Responses Are Wholly Insufficient</u>

Even if Defendant had not waived his objections to the discovery requests at issue by failing to object in a timely manner, Defendant's objections must nonetheless be rejected. For example, Defendant objects to numerous interrogatories on the basis that each is "vague, ambiguous, overly broad, and seeks information that is irrelevant to the subject matter of this action and not reasonably calculated to lead to discovery of admissible evidence." See, e.g. Response to Interrogatory Nos: 10 – 17. A brief look at some examples of purportedly objectionable interrogatories underscores the frivolity of the objections. For example, Interrogatory #14 is a simple contention interrogatory seeking information regarding Defendant's 5th Counterclaim. Specifically, the counterclaim states that "Silva and Vazquez entered into a legally binding contracts pursuant to which Vazquez lent Silva money..." See ECF No. 9 at pg. 20. Interrogatory 14 simply asks "Does Defendant contend that he and/or HWCP has loaned money to Julian Silva?" In response, Defendant merely provides the boilerplate objection noted

above. The same is true for interrogatories 15 and 16, which request further details on any purported loans from Mr. Vazquez and/or HWCP to Mr. Silva. Likewise, Interrogatories 10-13 request information on purported loans from third parties to HWCP. The relevance of these interrogatories is clear. Defendant contends that he has spent "more than $70,000 on the Band and HWCP." See ECF No. 9 at pg. 22 (¶100). When pressed at his deposition as to the source of this money, given that Defendant was receiving unemployment for much of the relevant period, Defendant contended that he had received various loans which he then spent on the Band and/or HWCP. Interrogatories 10-13 simply request details as to these loans. Defendant's response is the same boilerplate objection noted above.

In addition to numerous boilerplate objections, many of Defendant's attempted responses are nonsensical or otherwise non-responsive. For example, Interrogatories No. 7-8 request information related to Defendant's Third Counterclaim, for Intentional Interference with Economic Advantage. When asked for details regarding the claimed damages of $75,000, Defendant essentially states that such information is not ascertainable without an expert. The trouble, however, is that the time for designating an expert has long since passed. Interrogatory No. 21 asks whether any funds from the HWCP checking account were used to open a bank account for any of Defendant's successor entities. Instead of responding, Defendant merely refers to its answer to Interrogatory 18, which seeks information regarding a wholly separate topic – i.e. transfers of funds to Defendant's wife.

Defendant's response to the document requests are equally faulty. Not only does Defendant fail to provide a single document, but they object without justification to a request for communications from the Defendant to third parties regarding the relationship between La Excelencia, the trademarked band, and the Defendant's new band. These communications are

important to establishing that Defendant continues to pass off his new band as La Excelencia. Indeed, Defendant's new band has apparently continued to advertise itself as La Excelencia in some cases, despite claiming in his deposition that there was no relationship between the two bands.

Finally, Defendant's responses to document requests 1-4 all claim that no such documents exist. However, Defendant has previously admitted at deposition to various transfers of funds between his personal account and the HWCP account. As such, these records must exist. Likewise, Defendant has previously stated that a number of his actions were taken after discussions with the Copyright Office and/or Legal Zoom. It is simply not believable to say that Defendant has no telephone records for any number(s) used to communicate with the Copyright Office, Legal Zoom, or their manager Johan Vranken.

**3.     This Court Should Award Full Attorney Fees Incurred In Pursuit Of Discovery**

As discussed at length in Plaintiff's original motion, Rule 37 *requires* a court to award attorney's fees and costs as a sanction for the non-compliance exhibited herein, including failure to respond to interrogatories or permit inspection (Fed. R. Civ. Proc. 37(d)(3)) and failure to comply with a discovery order (Fed. R. Civ. Proc. 37(b)(2)(C)) unless the non-compliance is substantially justified, or other circumstances make such an award unjust. Such an award can be made against the responsible party and/or attorney. Prior cases from this court emphasize the mandatory nature of fees in this situation. For example, in *JSC Foreign Economic Assoc. Technostroyexport v. Intl. Dev. And Trade Svcs.,* 2005 WL 1958361 (S.D.N.Y. 2005), the court examines the advisory committee notes accompanying Rule 37, and determines that the rule "places the burden on the disobedient party to avoid expenses [including attorney fees] by showing that his failure is justified or that special circumstances make an award of expenses

unjust." 2005 WL 1958361 at *11 (internal citations omitted).  The court goes on to note that "The Advisory Committee Notes make clear that attorneys' fees *should* be awarded to the prevailing party." *Id.* at 12. The court also recognizes that this is true whether fees are sought under 37(a) or 37(b)(2).  *Id.* at 15.

In the instant case, an award of fees and costs against both Defendant and his attorney are appropriate.  Neither has even attempted to justify its lengthy failure to provide responses to interrogatories and/or its failure to comply with this Court's March 25, 2014 discovery order.  As noted above, a party cannot refuse to provide responses based on the purportedly objectionable nature of the requests.  Beyond weak protestations regarding the substance of the requests, Defendant has simply offered no "substantial justification" for their failure to provide responses or comply with the court order, nor have they raised any other issue which would make an award of fees and costs unjust in the instant action.  As such, Plaintiff's should be entitled to recover the costs expended in seeking to secure responses to the requests, including the costs of the motion and the instant reply.  A full breakdown of these costs and attorney fees can be found in the Declaration of Peter Dee, filed concurrently herewith.

### III.    CONCLUSION

Defendant's July 17th "Opposition" does nothing to change the essential facts raised in Plaintiff's June 11th Motion to Strike.  Defendant failed to provide responses to outstanding discovery for a period of more than six months, despite a prior Order to do so.  Defendant's opposition provides no cognizable justification for the delay or for their failure to obey this court's March 25th Order.  Moreover, the "responses" that were finally provided (one day after the close of discovery) are fatally deficient, and consist of little more than unsupportable objections.  For the reasons set forth herein, Plaintiff respectfully requests that this court strike

defendant's answer and counterclaims and grant default judgment to Plaintiff. Alternatively, this court should order Defendant to provide appropriate responses, without objection to Plaintiff's requests with a warning that failure to fully comply will result in terminating sanctions. In the event that this court does not impose terminating sanctions at this time, Plaintiff respectfully requests further time to complete follow-up discovery and attempt to obtain those documents that Defendant has thus far refused to provide.

Date: July 25, 2014

                                          Respectfully Submitted,
                                          **Mavronicolas Mueller & Dee LLP**
                                          *Attorneys for Plaintiff, Julian Silva*

                                      By: /s/ Peter C. Dee
                                         Peter C. Dee
                                         415 Madison Avenue, 18th Floor
                                         New York, New York   10017
                                         Telephone:  (646) 770-1256
                                         pdee@mavrolaw.com

**CERTIFICATE OF SERVICE**

THE UNDERSIGNED HEREBY CERTIFIES that on this 25th day of July, 2014, a true and correct copy of the foregoing together with the Declaration of Peter Dee dated July 25, 2014, was filed with the Clerk of the Court using the CM/ECF system and served on all of those parties receiving notification through the CM/ECF system.

/S/ Peter C. Dee