UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
JULIAN SILVA, individually and on : 13 Civ. 3200 (CM) (JCF)
behalf of HANDLE WITH CARE          :
PRODUCTIONS, INC.,                  :        MEMORANDUM
                                    :        AND  ORDER
                                    :
              Plaintiffs,           :
                                    :
      - against -                   :
                                    :
JOSE VASQUEZ COFRESI, individually,:
                                    :
              Defendant,            :
                                    :
      and                           :
                                    :
HANDLE WITH CARE PRODUCTIONS, INC.,:
A New York Corporation and Nominal :
Defendant,                          :
                                    :
              Nominal Defendant.    :
- - - - - - - - - - - - - - - - - -:
HANDLE WITH CARE PRODUCTIONS, INC.,:
A New York Corporation and Nominal :
Defendant and JOSE VASQUEZ COFRESI,:
individually,                       :
                                    :
              Counter Claimants,    :
                                    :
      - against -                   :
                                    :
JULIAN SILVA, individually,         :
                                    :
              Counter Defendant.    :
- - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

    In this long-simmering dispute over outstanding discovery

demands, the plaintiff, Julian Silva, seeks a court order striking

the defendant's Answer and Counterclaims and granting judgment by

default to the plaintiff, or, in the alternative, an order compelling the defendant to provide the requested discovery.

<u>Background</u>

This case arises out of a discordant ending to a musical partnership between Mr. Silva and the defendant, Jose Vasquez Cofresi.  The parties are former bandmates who wrote and performed salsa music together in the band La Excelencia.  (Complaint, ¶¶ 4-5, 21, 24).  At issue here are outstanding discovery demands initially served by the plaintiff on October 25, 2013.  (Memorandum in Support of Motion for Terminating Sanctions Pursuant to Fed. R. Civ. Proc. 37 ("Pl. Memo."), at 1).  After a consented-to 10 day extension, the defendant's responses were due on December 6, 2013.  (Pl. Memo. at 1).  At around this time, there was an apparent breakdown in communication between Mr. Vasquez and his counsel.  (Affidavit of Michael D. Steger dated Dec. 12, 2013 ("Steger Aff."), ¶ 3).  On December 5, 2010, Mr. Vazquez' then-attorney notified his client of the outstanding discovery responses and other pending deadlines; the defendant terminated the representation several days later.  (Steger Aff., ¶¶ 3-4; Pl. Memo. at 2).  The following week, after granting prior counsel's motion to be relieved, the Court stayed the case for 60 days to allow the defendant to retain new counsel.  (Pl. Memo. at 2; Memorandum Endorsement granting Motion to Withdraw as Counsel dated Dec. 16,

2013; Memorandum Endorsement granting Motion to Stay dated Dec. 16, 2013).

On February 18, 2013, the defendant's current counsel, Lowell B. Davis, filed an appearance. (Pl. Memo. at 2; Notice of Appearance dated Feb. 17, 2014). Plaintiff's counsel e-mailed Mr. Davis, informing him of the outstanding discovery responses and requesting that the defendant respond by February 21, 2013. (Pl. Memo. at 2). Mr. Davis did respond by the deadline; however, rather than including the discovery responses, he disavowed knowledge of any discovery issues and asked for information regarding the arrangement with the defendant's prior counsel regarding an extension of time to respond. (Letter of Lowell B. Davis dated Feb. 21, 2014 ("Davis 2/21/14 Letter"), attached as part of Exh. B to Declaration of Peter C. Dee dated June 11, 2014 ("Dee Decl.")). In his February 21 letter, Mr. Davis referenced a letter sent to plaintiff's counsel on February 19, 2014, requesting copies of the plaintiff's discovery requests and proof of service (Davis 2/21/14 Letter); plaintiff's counsel states that he never received such a request and that the letter attached to Mr. Davis' February 19 e-mail was instead addressed to the defendant's prior counsel, dated February 17, 2013, and sought billing information (Pl. Memo. at 2; E-mail of Lowell B. Davis dated Feb. 21, 2014, attached as part of Exh. B to Dee Decl.). Plaintiff's counsel

responded with a letter outlining the history of discovery in the case, including communications with prior counsel and documentation of the 10-day extension that expired before the case was stayed; he did not, however, attach the discovery demands.  (Pl. Memo. at 2-3; Letter of Peter C. Dee dated Feb. 24, 2014 ("Dee 2/24/14 Letter"), attached as Exh. C to Dee Decl.).  Plaintiff's counsel noted that unless the discovery responses were received by February 28, 2014, the plaintiff would file a motion to compel.  (Dee 2/24/14 Letter).  After defendant's counsel objected that he still did not have a copy of the discovery requests at issue, plaintiff's counsel provided the requests on February 28, 2014.  (Pl. Memo. at 3).  To get discovery on track, a discovery conference was held at plaintiff's request on March 25, 2014.  I then issued an order requiring the plaintiff to provide defendant's counsel with copies of all prior discovery requests and responses and requiring the defendant to serve its responses by May 15, 2014.  (Order dated March 25, 2014).

On April 15, 2014, the plaintiff provided copies of the outstanding discovery requests, as well as its responses to the defendant's discovery requests.  (Pl. Memo. at 3).  The defendant responded to the Requests for Admission on April 23, 2014, but did not respond to the plaintiff's Interrogatories or Second Request

4

for Production.[1]   (Pl. Memo. at 3).   After plaintiff's counsel
inquired about the missing responses, defendant's counsel responded
that Mr. Vasquez was currently on tour in Russia and that, although
counsel had sent draft responses to Mr. Vasquez, his verifications
or corrections were needed before the responses could be provided.
(Pl. Memo. at 4; Letter of Lowell B. Davis dated May 27, 2014
("Davis 5/27/14 Letter"), attached as Exh. F to Dee Decl.).
Plaintiff's counsel alleges that screenshots from social media
websites and other publicly available information in fact showed
that Mr. Vasquez' salsa troop did not depart for Russia until May
21, 2014, six days after the court-ordered deadline for discovery
responses.  (Pl. Memo. at 4; Declaration of Julian Silva dated June
10, 2010 ("Silva Decl."), ¶¶ 3-6 & Exhs. A-D).  Defendant's counsel
subsequently informed the plaintiff that Mr. Vasquez had returned
from Russia, but by the time this motion was filed on June 11,
2014, no discovery responses had been provided to the plaintiff's
Interrogatories or Second Request for Production.  (Pl. Memo. at
4).

    This dilatory pattern continued when the defendant failed to
oppose the plaintiff's motion in a timely manner.  On July 2, 2014,

---

[1] The plaintiff also notes that the defendant has yet to
reimburse him for the costs associated with providing copies of the
discovery requests and responses, totaling $65.30, as required in
my March 25 order. (Dee Decl., ¶ 14; Order dated March 25, 2014).

defendant's counsel asked to extend the then-expired deadline to oppose the motion until July 11, 2014. (Letter of Lowell B. Davis dated July 2, 2014 ("Davis 7/2/14 Letter")). Mr. Davis represented that Mr. Vasquez had recently returned to the United States, that the two had "beg[u]n working on responses and searching for documents when he returned," and that such responses would be e-mailed to the plaintiff on July 7, 2014. (Davis 7/2/14 Letter). The opposition was served on July 16, 2014, along with the responses to the requested discovery, and I accepted it <u>nunc</u> <u>pro</u> <u>tunc</u>. (Order dated July 18, 2014). The opposition consists of a declaration submitted by Mr. Davis outlining objections to the requested discovery and defenses to the action itself; the appended discovery responses consist entirely of objections, and ultimately no documents were produced. (Undated Declaration of Lowell B. Davis in Opposition to Plaintiff's Motion for Relief Pursuant to F.R.C.P. 37 ("Davis Decl.")).

<u>Discussion</u>

Where "a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Such orders include striking pleadings in whole or part, staying further proceedings until the order is obeyed, dismissing the action in whole or part, and ordering default judgment. Fed. R. Civ. P.

37(b)(2)(A); see also Aqiwal v. Mid Island Mortgage Corp., 555 F.3d 298, 302 (2d Cir. 2009) (noting that party's failure to comply with court-ordered discovery may result in terminating sanctions); Daval Steel Products v. M/V Fakredine, 951 F.2d 1357, 1365 (2d Cir. 1991) ("When a party seeks to frustrate [discovery] by disobeying discovery orders, thereby preventing disclosure of facts essential to an adjudication on the merits, severe sanctions are appropriate."). Indeed, "[e]ven in the absence of a discovery order, a court may impose sanctions on a party for misconduct in discovery under its inherent power to manage its own affairs." Residential Funding Corp. v. DeGeorge Finanacial Corp., 306 F.3d 99, 106-07 (2d Cir. 2002); accord Hawley v. Mphasis Corp., No. 12 Civ. 592, 2014 WL 3610946, at *7 (S.D.N.Y. July 22, 2014).

Disciplinary sanctions under Rule 37 serve a three-fold purpose: (1) ensuring that a party will not benefit from its failure to comply; (2) obtaining compliance with the Court's orders; and (3) serving as a deterrent both in the particular case and in litigation in general. Update Art, Inc. v. Modiin Publishing, Ltd., 843 F.2d 67, 71 (2d Cir. 1988); accord Aliki Foods, LLC v. Otter Valley Foods, Inc., 726 F. Supp. 2d 159, 178 (D. Conn. 2010); Richardson v. New York City Health & Hospitals Corp., No. 05 Civ. 6278, 2007 WL 2597639, at *5 (S.D.N.Y. Aug. 31, 2007). Harsh sanctions, such as default judgments, are reserved

for extreme situations.  See Agiwal, 555 F.3d at 302; see also Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 140 (2d Cir. 2007) (noting that "the severity of the sanction must be commensurate with the non-compliance").

When determining the appropriate sanction to impose under Rule 37, courts in this Circuit weigh several factors, including "(1) the willfulness of acts underlying noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of noncompliance; and (4) whether the noncompliant party was on notice that it faced possible sanctions." Sentry Insurance A Mutual Co. v. Brand Management, Inc., 295 F.R.D. 1, 5 (E.D.N.Y. 2013) (citing Agiwal, 555 F.3d at 302-03); Peterson v. Apple Inc., No. 12 Civ. 6467, 2013 WL 3963456, at *2 (S.D.N.Y. Aug. 1, 2013). None of these factors is dispositive by itself. SEC v. Razmilovic, 738 F.3d 14, 25 (2d Cir. 2013) (noting that "these factors are not exclusive, and they need not each be resolved against the [sanctioned] party").

A. Willfulness

When evaluating willfulness, the court considers whether the order at issue was clear, whether the party to be sanctioned understood the order, and whether non-compliance was due to "factors beyond the party's control." See In re Fosamax Products Liability Litigation, No. 06 MD 1789, 2013 WL 1176061, at *2 (S.D.N.Y. March 21, 2013). "[A] party's persistent refusal to

comply with a discovery order presents sufficient evidence of willfulness, bad faith or fault." Handwerker v. AT & T Corp., 211 F.R.D. 203, 209 (S.D.N.Y. 2002) (internal quotation marks omitted). The March 25, 2014 order could not be clearer. I directed the defendant to provide responses to the outstanding discovery by May 15, 2014. (Order dated March 25, 2014). At no point did the defendant, who was represented by counsel, seek an extension of that deadline. Finally, that deadline had passed before the defendant embarked on the international travel that he asserts as an excuse for the delay. I therefore consider the defendant's non-compliance to be willful, which weighs in favor of severe sanctions.

    B. Efficacy of Lesser Sanctions

    The plaintiff argues that the only appropriate sanction is dismissal of the defendant's counterclaims, both due to the willfulness of the defendant's conduct and the prejudice suffered by the plaintiff as a result of the defendant's delay in responding. (Pl. Memo. at 8-9). Indeed, even if the plaintiff had not expended both time and money in seeking this discovery, the Second Circuit has "consistently rejected the 'no harm, no foul' standard for evaluating discovery sanctions." South New England Telephone Co. v. Global NAPs, Inc., 624 F.3d 123, 148-49 (2d Cir. 2010). However, a court should always seek to impose the least

harsh sanction that will remedy the discovery violation and deter such conduct in the future.  See Hawley, 2014 WL 3610946, at *7; R.F.M.A.S., Inc. v. So, 271 F.R.D. 13, 24 (S.D.N.Y. 2010).  Severe sanctions such as dismissal and default judgment are to be applied sparingly, where no other sanction will suffice.  See Agiwal, 555 F.3d at 302.

The defendant has demonstrated a pattern of delay and failure to appreciate the seriousness of the discovery process that arguably continues to this day.  However, he has now provided responses to the discovery requests in some form.  Although the plaintiff notes that the current case management schedule will preclude any necessary follow-up discovery (Pl. Memo. at 9), this prejudice can be remedied by modifying the scheduling order to allow the parties additional time to pursue discovery.  Under these circumstances, terminating sanctions may not be necessary to meet the underlying purposes of Rule 37.

C. Duration of Non-Compliance

Almost four months elapsed between the court-ordered March 25 deadline and the service of the defendant's responses to the plaintiff's Interrogatories and Second Request for Production on July 16.  Even before the March 25 conference, the defendant was on notice that his discovery responses were overdue.  On December 5, 2013, Mr. Vasquez was informed by his former counsel of all pending

case deadlines, including discovery deadlines (Steger Aff., ¶ 4),
and he nonetheless did not provide responses by the agreed-to
deadline of December 6, 2014.  When the case was revived after Mr.
Vasquez engaged new counsel, plaintiff's counsel communicated to
defendant's counsel that there was outstanding discovery, informed
defendant's counsel that he was considering filing a motion to
compel, and provided copies of the discovery requests at issue.
(Pl. Memo. at 2-3; Dee 2/24/14 Letter).  Although the defendant has
now provided responses to the plaintiff's discovery demands, a
party's "hopelessly belated compliance should not be accorded great
weight," as "[a]ny other conclusion would encourage dilatory
tactics, and compliance with discovery orders would come only when
the backs of counsel and the litigants were against the wall."
South New England Telephone Co., 624 F.3d at 149 (quoting Cine
Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.,
602 F.2d 1062, 1068 (2d Cir. 1979)).  Given the defendant's long-
standing refusal to comply with discovery obligations, both before
and after the court order, this factor also weighs in favor of
sanctions.  See Gurvey v. Cowan, Liebowitz & Lathman, P.C., No. 06
Civ. 1202, 2014 WL 715612, at *6 (S.D.N.Y. Feb. 25, 2014) (finding
non-compliance that "has lasted months and is still ongoing"
weighed in favor of sanctions); Martin v. City of New York, No. 09
Civ. 2280, 2010 WL 1948597, at *2, *4 (S.D.N.Y. May 11, 2010)

(dismissing action where interrogatory responses still outstanding one month after court-ordered deadline, and two and one-half months after initial deadline).

D. Notice of Possible Sanctions

The defendant has not been formally notified that a violation of his discovery obligations may subject his counterclaims to dismissal or a default judgment. Although parties have no "absolute entitlement to be warned that they disobey court orders at their peril," Daval Steel, 951 F.2d at 1366 (internal quotation marks omitted), providing such notice is customary, Nieves v. City of New York, 208 F.R.D. 531, 536 (S.D.N.Y. 2002) (imposing sanction of dismissal only where party's "flagrant disregard for discovery orders" continued despite "repeated and explicit warnings."). This factor thus weighs against severe sanctions. However, the defendant is now on notice that non-compliance with court orders raises the possibility of case-ending sanctions.

E. Fee Shifting

Where a party fails to comply with a court order to provide discovery, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by that failure." Fed. R. Civ. P. 37(b)(2)(C). This cost-shifting is mandatory "unless the failure was substantially justified or other circumstances make

12

an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); <u>see</u> <u>Novak v. Wolpoff & Abramson LLP</u>, 536 F.3d 175, 178 (2d Cir. 2008) (per curiam) ("The use of the word 'shall' certainly suggests that an award of expenses is mandatory unless one of the two exceptions -- substantial justification or other circumstances -- applies."). The same standard applies where a party provides the sought-after discovery after a motion to compel has been filed. Fed. R. Civ. P. 37(a)(5). Indeed, "attorney fee-shifting is considered a relatively moderate sanction" in the spectrum of sanctions permissible under Rule 37. <u>Lopa v. Fireman's Fund Insurance Co.</u>, No. 11 CV 2973, 2014 WL 2041822, at *3 (E.D.N.Y. May 16, 2014); <u>see</u> <u>also</u> <u>Cine Forty-Second St. Theatre</u>, 602 F.2d at 1066 (describing reimbursement as mildest sanction for failure to cooperate); <u>R.F.M.A.S.</u>, 271 F.R.D. at 22 (listing available sanctions in order of severity, with cost shifting as second mildest).

A party's conduct is substantially justified if "'there was a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action.'" <u>Klein v. Torrey Point</u> <u>Group, LLC</u>, 979 F. Supp. 2d 417, 442 (S.D.N.Y. 2013) (quoting <u>Underdog Trucking, L.L.C. v. Verizon Services Corp.</u>, 273 F.R.D. 372, 377 (S.D.N.Y. 2011)). The non-compliant party bears the burden of proof in showing that his failure to comply was justified or that an award of expenses would be unjust. <u>See</u> <u>Novak</u>, 536 F.3d

at 178; accord John Wiley & Sons, Inc. v. Book Dog Books, LLC, 298
F.R.D. 145, 148 (S.D.N.Y. 2014).

The defendant's opposition is utterly devoid of any claim of
substantial justification or unjust circumstances. (Davis Decl.).
As discussed above, the defendant instead focuses on objecting to
the propounded discovery, going so far as to argue that federal
question jurisdiction may not exist because other bands also use
the "La Excelencia" name. (Davis Decl.). As noted in the
plaintiff's Reply, a failure to serve answers to interrogatories or
respond to a request for inspection "'is not excused on the ground
that the discovery sought was objectionable,'" absent a pending
motion for a protective order. (Reply Memorandum in Support of
Motion to Compel at 4 (quoting Fed. R. Civ. P. 37(d)(2))).

Even the justifications offered by defendant's counsel in his
communications with plaintiff's counsel are insufficient. The
defendant's trip to Russia does not constitute substantial
justification for the delay in responding to the requests. The
defendant was aware, through both prior and current counsel, of the
discovery requests at issue. At the time the case was stayed in
December 2013, those requests were already outstanding and overdue.
Pursuant to my March 25 Order, those responses were due on May 15,
2014, before Mr. Vasquez' trip to Russia. Without any indicia of
substantial justification or unjust circumstances, monetary

sanctions in the form of attorney's fees and costs are both mandatory and appropriate.

More severe sanctions, however, are not warranted. The prejudice experienced by the plaintiff can be largely remedied by an extension of the discovery schedule and the reimbursement of attorney's fees and costs expended in pursuing this discovery. Moving forward, however, Mr. Vasquez and his attorney are admonished to honor all discovery obligations scrupulously.

In addition, due to the belated nature of the defendant's responses, all objections are deemed waived and the defendant is ordered to serve substantive responses and documents in response to the plaintiff's Interrogatories and Second Request for Production.[2] Fed. R. Civ. P. 33(b)(4) (requiring that objections not stated in a timely manner are waived "unless the court, for good cause, excuses the failure"); see also Gropper v. David Ellis Real Estate, L.P., No. 13 Civ. 2068, 2014 WL 518234, at *3 (S.D.N.Y. Feb. 10, 2014); Sudolfsky v. Fiesta Products, LLC, 252 F.R.D. 143, 154 (E.D.N.Y. 2008); Horace Mann Insurance Co. v. Nationwide Mutual Insurance Co., 238 F.R.D. 536, 538 (D. Conn. 2006) (deeming

---

[2] I also note the inconsistency between the defendant's relevance objections to discovery related to contractual relationships and the defendant's own counterclaims for breach of contract and intentional interference with contractual relations. (Defendants' Answer to Complaint and Counterclaims).

attorney-client privilege objections waived when asserted 22 days after consented-to deadline); Smith v. Conway Organization, Inc., 154 F.R.D. 73, 76 (S.D.N.Y. 1994) (deeming work-product objections waived when asserted nearly four months after document request was served). No good cause has been provided here for accepting the belated objections.

Conclusion

For the foregoing reasons, the plaintiff's motion (Docket no. 33) is granted in part and denied in part. As the defendant willfully did not comply with a court order and provided discovery responses only after the instant motion was filed, the defendant shall pay the attorney's fees and costs associated with filing the motion, as well as the $65.30 incurred by the plaintiff in sending the defendant copies of the outstanding discovery requests. The defendant shall provide substantive responses to the plaintiff's Interrogatories and Second Request for Production by September 2, 2014. Failure to comply shall result in dismissal of the defendant's counterclaims and entry of a default judgment.

SO ORDERED.

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

16

Dated: New York, New York
       August 1, 2014

Copies mailed this date:

Peter C. Dee, Esq.
Mavronicolas Mueller & Dee, LLP
950 Third Ave., 10th Floor
New York, NY 10022

Lowell B. Davis, Esq.
One Old Country Road
Carle Place, NY 11514