```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x
                                      13 cv 3200 (CM)
JULIAN SILVA, ET AL

              Plaintiffs,
v.

JOSE VAZQUEZ COFRESI, and
HANDLE WITH CARE PRODUCTIONS, INC.

              Defendants,
--------------------------------
JOSE VAZQUEZ

          Counter-claimant,
v.

JULIAN SILVA

      Counterclaim Defendant
--------------------------------x
```

**MEMORANDUM OF LAW IN OPPOSITION TO FED. R. CIV. PRO 37 MOTION TO STRIKE DEFENDANT'S COUNTERCLAIM AND ANSWER**

**PRELIMINARY STATEMENT**

This memorandum of law is respectfully submitted in opposition to the relief herein sought by plaintiff. It is respectfully submitted that the relief herein sought ought to be denied for the reasons hereinafter set forth in greater detail. Briefly stated the violation alleged by plaintiff is limited to Interrogatory responses 10-17, which in and of themselves are limited to discovery of Defendant's Fifth Counterclaim for Breach of Contract(Docket entry 9 page 20, paragraphs 80 – 84 and declaration of Peter Dee docket entry 41 page 6 paragraph 2b;

Defendants' wherefore clause does not make a specific demand for damages related to its fifth counterclaim. However

1

allegations contained in paragraphs 80-84 are limited to 9,000.00 Dollars in loans to Silva and a recording machine.

Plaintiff's interrogatory demands "10-13", seek information related to alleged allegations of loans being made to defendants from third parties. See Peter Dee declaration docket 41 page 6 paragraph 2(b). Defendants properly interposed objections, albeit untimely ones. There is no allegations in defendants' Fifth Counterclaim that any third parties made loans to defendants. If there were loans they would be irrelevant to defendants' counterclaims.

Later at page 7 of the Peter Dee declaration reference is made to the deposition of Mr. Vasquez, on the issue of his having spent $70,000.00 Dollars on the Band and defendant Handle with Care. The reference is not to defendants Fifth Counterclaim but defendants 8th Counterclaim for contribution, only in the event that it is found that plaintiff Silva is a 50% partner in Handle with care. See exhibit . However counsel admits that he received his answers at the deposition of Mr. Vasquez. Furthermore because the same subject matter was sought by plaintiff in his First request for Production of Documents item 3 defendants reasonably presumes that plaintiff already twice had discovery as to this issue.

Plaintiff's interrogatory demands "14", "15" and "16", sought to discover whether or not Vasquez and or Handle with Care, ever made loans to Silva. Silva at his deposition said no to Vasquez, but admitted that Mr. Vasquez did loan Silva money on

2

behalf of defendant Handle with Care. See exhibit " D". However defendants counterclaim alleges that Vasquez loaned Silva $9,000.00 Dollars. These loans were previously the subject of demands 19 and 20 of Plaintiff's First Demand for Production of Documents as well as the subject of both parties depositions.

Clearly plaintiff had the answers to these interrogatories prior to plaintiff ever making the demand. This is of course does not address the opportunity to discover the answer to the same question at Mr. Vasquez's deposition. Certainly a deposition would be the preferable discovery devise to seek responses to this issue. Defendant should not be sanctioned for failing to respond to an interrogatory that sought additional discovery as to issues which either do not exist or have already been the subject of extensive discovery.

Plaintiff also objects to defendant response 7-8 which sought discovery as to plaintiff's Third Counterclaim for Intentional Interference with economic advantage. Defendant's counterclaim on its face asserts that an accounting is necessary to ascertain how the sum of $70,000.00 Dollars was calculated. If the time for the exchange of experts has expired than defendant would be precluded at the time of trial from introducing any expert witness testimony. This has nothing to do with the appropriateness of the response.

Plaintiff also objects to defendant's responses to interrogatory 18 and 21. The appropriate response was no to both interrogatories.

3

Plaintiff's objections to items 1 – 4 is without merit as plaintiff has not specified what those demands were. Notwithstanding Defendant had already produced all of the banking records from defendant HWCP in its possession in response to plaintiff's First Demand for Production of Documents. Furthermore plaintiff has equal access to the telephone numbers of John Vranken and Legal Zoom.

Any appropriate sanction of preclusion should be limited to defendants' counterclaim and any prejudice occasioned by the plaintiff by defendants' wrongful failure to properly respond to these interrogatories as they relate to defendant's Third and Fifth Counterclaim for interference with economic advantage and breach of contract, only after taking into consideration any remaining prejudice after taking into consideration that defendants have previously produced over 1100 documents in response to plaintiff Demand for Production of Documents and Responded to Plaintiff's Request for Admissions.

Plaintiff admits that the failures on the part of the defendant relates to defendants' counterclaims and not their defenses to plaintiff's complaint.

A copy of the Counterclaim portion of Defendants' answer is annexed as exhibit "A" and Plaintiff's demand for production of Documents as exhibit "B" and Defendant's responses as exhibit "C". Presumably no objections have been made to defendants' Response to Plaintiff's Demand for Production of Documents.

Plaintiff request for counsel fees should be denied as

plaintiff has failed to produce any time records contemporaneous time records as the time alleged to have been spent appears on its face to be exorbitant.

**CONCLUSION**

Defendant respectfully requests that plaintiff's application to strike defendant's counterclaim and enter a default judgment be denied and that plaintiff's request for Counsel fees be denied or referred for a hearing.

Dated: October 7, 2014
        Carle Place, New York

                              Respectfully submitted,

                              _____
                              LOWELL B. DAVIS (LD-2913)
                              Attorney for Defendant Vasquez
                              One Old Country Road
                              Carle Place, N.Y. 11514
                              (516) 746-7474