```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
JULIAN SILVA, individually and on    :   13 Civ. 3200 (CM) (JCF)
behalf of HANDLE WITH CARE           :
PRODUCTIONS, INC.,                   :   REPORT AND
                                     :   RECOMMENDATION
              Plaintiffs,            :
                                     :
     - against -                     :
                                     :
JOSE VASQUEZ COFRESI, individually,  :
                                     :
              Defendant,             :
                                     :
     and                             :
                                     :
HANDLE WITH CARE PRODUCTIONS, INC.,  :
A New York Corporation and Nominal   :
Defendant,                           :
                                     :
              Nominal Defendant.     :
- - - - - - - - - - - - - - - - - - -:
HANDLE WITH CARE PRODUCTIONS, INC.,  :
A New York Corporation and Nominal   :
Defendant and JOSE VASQUEZ COFRESI,  :
individually,                        :
                                     :
              Counter Claimants,     :
                                     :
     - against -                     :
                                     :
JULIAN SILVA, individually,          :
                                     :
              Counter Defendant.     :
- - - - - - - - - - - - - - - - - - -:
```

TO THE HONORABLE COLLEEN McMAHON, U.S.D.J.:

For the second time in a year-long discovery dispute, the plaintiff, Julian Silva, seeks a court order striking the defendant's answer and counterclaims and granting judgment by default to the plaintiff. For the foregoing reasons, I recommend that the plaintiff's motion be granted.

Background

This case arises out of the dissolution of a musical

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/31/14

MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/19/14

11/19/2014 I have reviewed the "objections." They are, entirely, without merit in view of the excellent and convincing Report of Judge Francis. I adopt the Report as the opinion of the Court, strike the answer and counterclaims, and direct entry of judgment for plaintiff by default. The Clerk will enter judgment and close the case.

Colleen McMahon

partnership between Mr. Silva and the defendant, Jose Vasquez Cofresi. The partners are former band-mates who wrote and performed together in the band La Excelencia. (Complaint, ¶¶ 4-5, 21, 24). At issue here are outstanding discovery demands initially served by the plaintiff on October 25, 2013. (Memorandum in Support of Motion for Terminating Sanctions Pursuant to Fed. R. Civ. Proc. 37 ("Pl. Memo.") at 2; Reply Memorandum in Support of Motion to Strike and Motion for Default Judgment ("Reply") at 5-7). After many months of delays, compounded by the defendant's termination and replacement of counsel, I issued an order on March 25, 2014 requiring, among other things, that the defendant respond to the plaintiff's discovery demands by May 15, 2014.[1] (Order dated March 25, 2014 ("March 24 Order")). As of June 11, 2014, when the plaintiff filed his first motion for terminating sanctions, the defendant had responded to the plaintiff's Requests for Admission but not to the Interrogatories or Second Request for Production. Silva, 2014 WL 3809095, at *2. When the defendant belatedly answered the motion, he attached discovery responses that consisted entirely of objections. Silva, 2014 WL 3809095, at *2.

On August 1, 2014, I deemed the defendant's objections waived because they were untimely, ordered him to serve substantive responses by September 2, 2014, and ordered him to pay the plaintiff's attorneys' fees and costs associated with filing the

---

[1] The details of the discovery disputes and delays prior to the March 25, 2014 order are included in my August 1, 2014 order. See Silva v. Cofresi, No. 13 Civ. 3200, 2014 WL 3809095, at *1-2 (S.D.N.Y. Aug. 1, 2014).

2

motion. Id. at *6.

The second motion for terminating sanctions was filed on September 16, 2014. (Notice of Motion dated Sept. 16, 2014). The plaintiff asserts that since the August 1, 2014 order, the "[d]efendant has again failed to provide any response to the outstanding discovery," and moves for an order striking the defendant's counterclaims and directing the clerk to enter a default judgment for the plaintiff. (Pl. Memo. at 2, 5). The defendant (incorrectly) interprets the plaintiff's claims of outstanding discovery to be limited to Interrogatories 10-17 (Memorandum of Law in Opposition to Fed. R. Civ. Pro. 37 Motion to Strike Defendant's Counterclaim and Answer ("Def. Memo.") at 1), and argues on that basis that any sanctions should be limited to the defendant's counterclaims (Def. Memo. at 4).

Discussion

Where "a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Such orders may include striking pleadings in whole or in part, staying further proceedings until the order is obeyed, dismissing the action in whole or in part, and ordering default judgment. Fed. R. Civ. P. 37(b)(2)(A); see also Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298, 302 (2d Cir. 2009) (noting that party's failure to comply with court-ordered discovery may result in terminating sanctions); Daval Steel Products v. M/V Fakredine, 951 F.2d 1357, 1365 (2d Cir. 1991) ("When a party seeks to frustrate [discovery]

by disobeying discovery orders, thereby preventing disclosure of facts essential to an adjudication on the merits, severe sanctions are appropriate."). Indeed, "[e]ven in the absence of a discovery order, a court may impose sanctions on a party for misconduct in discovery under its inherent power to manage its own affairs." Residential Funding Corp. v. DeGeorge Financial Corp., 306 F.3d 99, 106-07 (2d Cir. 2002); accord Hawley v. Mphasis Corp., __ F.R.D. __, __, 2014 WL 3610946, at *7 (S.D.N.Y. 2014).

Sanctions under Rule 37 of the Federal Rules of Civil Procedure serve a three-fold purpose: (1) to ensure that a party will not benefit from its failure to comply; (2) to obtain compliance with the Court's orders; and (3) to deter noncompliance, both in the particular case and in litigation in general. Update Art, Inc. v. Modiin Publishing, Ltd., 843 F.2d 67, 71 (2d Cir. 1988); accord Aliki Foods, LLC v. Otter Valley Foods, Inc., 726 F. Supp. 2d 159, 178 (D. Conn. 2010); Richardson v. New York City Health & Hospitals Corp., No. 05 Civ. 6278, 2007 WL 2597639, at *5 (S.D.N.Y. Aug. 31, 2007). Harsh sanctions such as default judgments are reserved for extreme situations. See Agiwal, 555 F.3d at 302; see also Shcherbakovkiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 140 (2d Cir. 2007) (noting that "the severity of sanction must be commensurate with the non-compliance").

When determining the appropriate sanction to impose under Rule 37, courts in this Circuit weigh several factors, including "(1) the willfulness of acts underlying noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of noncompliance; and (4)

4

whether the noncompliant party was on notice that it faced possible sanctions." Sentry Insurance A Mutual Co. v. Brand Management, Inc., 295 F.R.D. 1, 5 (E.D.N.Y. 2013) (citing Agiwal, 555 F.3d at 302-03); Peterson v. Apple Inc., No. 12 Civ. 6467, 2013 WL 3963456, at *2 (S.D.N.Y. Aug. 1, 2013). None of these factors alone is dispositive. SEC v. Razmilovic, 738 F.3d 14, 25 (2d Cir. 2013) (noting that "these factors are not exclusive, and they need not each be resolved against the [sanctioned] party").

A.  Willfulness

When evaluating willfulness, the court considers whether the order at issue was clear, whether the party to be sanctioned understood the order, and whether noncompliance was due to "factors beyond the party's control." See Davis v. Artuz, No. 96 Civ. 7699, 2001 WL 50887, at *3 (S.D.N.Y. Jan. 19, 2001) (citing Baba v. Japan Travel Bureau International, Inc., 165 F.R.D. 398, 402-03 (S.D.N.Y. 1996), aff'd, 111 F.3d 2 (2d Cir. 1997)). "[A] party's persistent refusal to comply with a discovery order presents sufficient evidence of willfulness, bad faith or fault." Handwerker v. AT&T Corp., 211 F.R.D. 203, 209 (S.D.N.Y. 2002) (internal quotation marks omitted).

My August 1, 2014 order was indisputably clear. I directed the defendant to "provide substantive responses to the plaintiff's Interrogatories and Second Request for Production by September 2, 2014." Silva, 2014 WL 3809095, at *6. Further, noting that the defendant had "willfully [failed to] comply with [the March 25, 2014] court order and provided discovery responses only after the

5

[first] motion [for terminating sanctions] was filed," I warned that "[f]ailure to comply shall result in dismissal of the defendant's counterclaims and entry of a default judgment." Id. At no point did the defendant, who continues to be represented by counsel, seek an extension of the September 2 deadline. His opposition to the motion for terminating sanctions gives no indication that the noncompliance was due to "factors beyond the party's control." Davis, 2001 WL 50887, at *3. I therefore find that the defendant's noncompliance was willful, which weighs in favor of sanctions.

B.   Efficacy of Lesser Sanctions

A court should always seek to impose the least harsh sanction that will remedy the discovery violation and deter such conduct in the future. See Hawley, __ F.R.D. at __, 2014 WL 3610946, at *7; R.F.M.A.S., Inc. v. So, 271 F.R.D. 13, 24 (S.D.N.Y. 2010). Severe sanctions such as dismissal and default judgment are to be applied sparingly, where no other sanction will suffice. See Agiwal, 555 F.3d at 302.

In this case, the plaintiff argues that "only terminating sanctions can remedy the [defendant's] noncompliance," both because of the willfulness of the defendant's conduct and the prejudice suffered by the plaintiff. (Pl. Memo. at 5-7). The plaintiff notes that the prejudice he has suffered (with respect to both his ability to litigate his own claims and his ability to defend against the counterclaims) cannot be overcome by further scheduling extensions, as I ordered on August 14, 2014 that no further

6

extensions would be granted. (Pl. Memo. at 6). The defendant, maintaining that the plaintiff's claims are limited to Interrogatories 10-17[2] (Def. Memo. at 1), argues that "[a]ny appropriate sanction of preclusion should be limited to defendant's counterclaim [sic]." (Def. Memo. at 4).

Lesser sanctions have proved ineffective in this case. The defendant was warned that further noncompliance would result in the dismissal of his counterclaims and entry of a default judgment in favor of the plaintiff. Silva, 2014 WL 3809095, at *6. Further, he was ordered to pay the attorney's fees and costs incurred by the plaintiff as a result of his noncompliance. Id. at *5-6. Nonetheless, the defendant persisted in his refusal to comply with court orders and to appreciate the seriousness of the discovery process. It therefore appears that terminating sanctions are the least harsh sanction that will remedy the discovery violation and deter such conduct in the future. See Hawley, __ F.R.D. at __, 2014 WL 3610946, at *7. This would be true even if the plaintiff had not expended both time and money in seeking the discovery in question, as the Second Circuit has "consistently rejected the 'no harm, no foul' standard for evaluating discovery sanctions." South New England Telephone Co. v. Global NAPs, Inc., 624 F.3d 123, 148-49 (2d Cir. 2010).

---

[2] As the plaintiff makes clear, the outstanding discovery is not so limited. (Reply at 5-7). While the prior motion for terminating sanctions specifically highlighted some infirmities with the defendant's responses to Interrogatories 10-17, the presently outstanding discovery includes all substantive responses ordered by the court on August 1, 2014.

7

C.   Duration of Noncompliance

On March 25, 2014, I ordered the defendant to respond to all outstanding discovery requests by May 15, 2014. (March 25 Order). Over two months after this deadline, on July 16, 2014, the defendant served discovery responses, consisting entirely of objections. (Undated Declaration of Lowell B. Davis in Opposition to Plaintiff's First Motion for Relief Pursuant to F.R.C.P. 37). Nearly two months after the September 2, 2014 deadline, by which the defendant was to provide substantive responses to the plaintiff's Interrogatories and Second Request for Production, Silva, 2014 WL 3809095, at *6, he still has not done so. (Pl. Memo. at 2; Reply at 5-7). These more recent periods of noncompliance were preceded by the defendant's failure to adhere to the original, agreed-upon discovery deadline of December 6, 2013, and failure to remedy this failure once he had retained new counsel. Silva, 2014 WL 3809095, at *4.

The defendant's long-standing refusal to comply with discovery obligations, both before and after court orders, also weighs in favor of sanctions. See Gurvey v. Cowan, Liebowitz & Lathman, P.C., No. 06 Civ. 1202, 2014 WL 715612, at *6 (S.D.N.Y. Feb. 25, 2014) (finding noncompliance that "has lasted months and is still ongoing" to weigh in favor of sanctions); Martin v. City of New York, No. 09 Civ. 2280, 2010 WL 1948597, at *2-4 (S.D.N.Y. May 11, 2010) (dismissing case where plaintiff's interrogatory responses were still outstanding approximately one year after interrogatories served and one month after latest court-ordered deadline).

8

D.  Notice of Possible Sanctions

As stated in the order itself, my August 1, 2014 order put the defendant "on notice that non-compliance with court orders raises the possibility of case-ending sanctions," explicitly warning that "[f]ailure to comply shall result in dismissal of the defendant's counterclaims and entry of a default judgment." Silva, 2014 WL 3809095, at *4, *6. This factor therefore weighs strongly in favor of sanctions. See Nieves v. City of New York, 208 F.R.D. 531, 536 (S.D.N.Y. 2002) (dismissing case where party's "flagrant disregard for discovery orders" continued despite "repeated and explicit warnings").

E.  Appropriate Sanctions

1.  Dismissal of Counterclaims and Entry of Default Judgment

Based on the factors discussed above, case-terminating sanctions are the least harsh sanction that will remedy the persistent discovery violations in this case and deter such conduct in the future. The defendant provides no explanation for his failure to comply with the August 1, 2014 order. (Def. Memo.). Rather, he focuses, as in his opposition to the last motion for terminating sanctions, Silva, 2014 WL 3809095, at *5, on his objections to the plaintiff's discovery requests (Def. Memo. at 2-4). But those objections have long since been waived. Id. at *6. The defendant has repeatedly, willfully violated court orders in the face of the lesser sanction of fee shifting and despite a clear warning that further violations would result in terminating sanctions. Accordingly, the defendant's counterclaims should be

9

dismissed, and a default judgment should be entered in favor of the plaintiff.

### 2. Fee Shifting

Where a party fails to comply with a court order to provide discovery, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by that failure." Fed. R. Civ. P. 37(b)(2)(C). This cost-shifting is mandatory "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); see Novak v. Wolpoff & Abramson LLP, 536 F.3d 175, 178 (2d Cir. 2008) (per curiam) (noting that language of subsection "certainly suggests that an award of expenses in mandatory unless one of the two exceptions -- substantial justification or other circumstances -- applies").

A party's conduct is substantially justified if "there was a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." Klein v. Torrey Point Group, LLC, 979 F. Supp. 2d 417, 442 (S.D.N.Y. 2013) (internal quotation marks omitted). The noncompliant party bears the burden of showing that his failure to comply was justified or that an award of expenses would be unjust. See Novak, 536 F.3d at 178; accord John Wiley & Sons, Inc. v. Book Dog Books, LLC, 298 F.R.D. 145, 148 (S.D.N.Y. 2014).

Peter Dee, counsel for the plaintiff, asserts that the attorneys' fees and costs associated with the plaintiff's second

10

motion for terminating sanctions totaled $2,508. (Declaration of Peter C. Dee, Esq. dated Oct. 14, 2014 ("Dee 10/14/14 Decl.") at 2). This total includes 2.45 hours of work by Mr. Dee, at a rate of $340 per hour, and 6.7 hours of work by Mr. Dee's co-counsel, Nicholas Ranallo, at a rate of $250 per hour. (Dee 10/14/14 Decl. at 2). As discussed above, the defendant's opposition does not provide any explanation for his failure to comply with the August 1, 2014 order, let alone a claim of substantial justification or unjust circumstances. (Def. Memo.). In light of this, and in light of the reasonableness of the time spent and rate charged by the plaintiff's counsel, monetary sanctions totaling $2,508 are both mandatory and appropriate.[3]

Conclusion

For the foregoing reasons, I recommend that the plaintiff's motion to dismiss the defendant's counter-claims and enter judgment for the plaintiff by default (Docket no. 47) be granted. Because the defendant willfully did not comply with a court order, the defendant shall pay the $2,508 in attorneys' fees associated with filing the motion, as well as the $5,898 incurred in filing the

---

[3] The defendant was previously ordered to pay the attorneys' fees associated with the plaintiff's first motion for terminating sanctions. Silva, 2014 WL 3809095, at *6. The defendant is advised that he is still obligated to pay those costs and fees in addition to the $2,508 related to the instant motion. Although not specified in my August 1, 2014 order, the total owed by the defendant in attorney's fees from the first motion for terminating sanctions is $5,898, based on the same rates described above. (Declaration of Peter C. Dee, Esq. dated July 25, 2014, at 2).

previous motion, for a total of $8,406.[4]

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Colleen McMahon, Room 1640, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

*[signature]*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       October 31, 2014

Copies mailed this date:

Peter C. Dee, Esq.
Mavronicolas & Dee, LLP
415 Madison Ave., 18th Floor
New York, NY 10017

Lowell B. Davis, Esq.
One Old Country Road
Carle Place, NY 11514

---

[4] Any dispute between the defendant and his counsel as to the apportionment of this payment shall be brought to my attention for resolution.