USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/23/15

McMahon, C.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

JULIAN SILVA, individually, and
JULIAN SILVA, on behalf of HANDLE WITH
CARE PRODUCTIONS, INC.
    Plaintiff,

v.

JOSE VASQUEZ COFRESI, individually,

    -and-

HANDLE WITH CARE PRODUCTIONS, INC.,
a New York Corporation and Nominal Defendant

ECF Case

13 Civ. _3200 (CM) (JCF)

[~~PROPOSED~~] **DEFAULT JUDGMENT
AND PERMANENT INJUNCTION**

---

## [~~PROPOSED~~] DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT JOSE VASQUEZ-COFRESI

For the reasons set forth in this Court's Findings of Fact and Conclusions of Law filed concurrently herewith,

**IT IS ORDERED** that Defendant shall pay $450,000 in statutory damages to Plaintiff Julian Silva for willful copyright infringement, pursuant to 17 U.S.C. §504, and an additional $98,966.89 in damages pursuant to New York's Business Corporations Law Sections 719 and 720, amounting to 50% of the assets that defendant misappropriated during the life of Handle With Care Productions, Inc., and equaling the amount to which Plaintiff was entitled at dissolution. In total, therefore, Defendant is ordered to pay a sum of $548966.89 to Plaintiff.

**IT IS FURTHER ORDERED THAT** the United States Copyright Office is ordered and directed to cancel the copyright registrations SR0000713913 and SR0000713914;

**IT IS FURTHER ORDERED THAT** the purported trademark assignment dated August 21, 2012 purporting to assign all rights in the La Excelencia trademark to Defendant, in his

personal capacity is hereby set aside pursuant to NYBCL 720;

And finally, **IT IS FURTHER ORDERED THAT PLAINTIFF IS ENTITLED TO INJUNCTIVE RELIEF AGAINST DEFENDANT,** upon the terms and conditions set forth below:

## PERMANENT INJUNCTION

A. For the purposes of this order, the following Definitions shall apply:

   i. "Genuine La Excelencia Performances, Music, and Merchandise" shall mean only those performances, albums, music, and merchandise created by or otherwise including Plaintiff Julian Silva. These shall specifically include, but not be limited to, the albums Ecos del Barrio, Salsa Con Conciencia and Mi Tumbao Social.

   ii. Defendant's "New Bands" shall include any musical groups and/or individuals created by Jose Vasquez-Cofresi without the participation of Julian Silva specifically including, but not limited to, "La Exescencia", "Orquesta La Exclencia", and "Orquesta Salsa Con Consciencia".

B. Defendant is permanently enjoined from using the La Excelencia mark or any confusingly similar mark in any manner except in connection with the marketing, promotion, advertising or sale of Genuine La Excelencia Performances, Music, and Merchandise as described herein; and

C. Defendant is permanently enjoined from using any trademark, service mark, name, logo, design, or source designation of any kind that dilutes or is likely to dilute the distinctiveness of the La Excelencia mark; and

D. Defendant is permanently enjoined from redirecting traffic from the website laexcelencia.net or to otherwise use the website except in connection with the marketing, promotion, or sale of Genuine La Excelencia Performances, Music, and Merchandise as described herein; and

E. Defendant is permanently enjoined from using the La Excelencia Facebook page(s) to promote the Defendant's New Bands, or in any way except in connection with the marketing, promotion, or sale of Genuine La Excelencia Performances, Music, and Merchandise as described herein; and

F. Defendant is ordered to provide Plaintiff with administrative access and all other necessary passwords or permissions to ensure that Plaintiff has equal control over the content of laexcelencia.net and the La Excelencia Facebook page; and

G. Defendant is permanently enjoined from making or attempting to make any changes to the ASCAP royalty percentages in effect on March 1, 2012; and

H. Defendant is ordered to contact any and all individuals that removed the La Excelencia mark or identifier from Genuine La Excelencia performances on YouTube in accordance with Defendant's request and instruct them to return the La Excelencia mark to all such Genuine La Excelencia Performances; and

I. This court shall have continuing jurisdiction over this matter and continuing authority to enforce the terms of this injunction.

SO ORDERED this 20 day of November, 2015

Hon. Colleen McMahon